ACCEPTED
15-24-00124-CV
FIFTEENTH COURT OF APPEALS
AUSTIN, TEXAS
2/13/2025 5:34 PM
CHRISTOPHER A. PRINE
CLERK

No. 15-24-00124-CV

FILED IN
15th COURT OF APPEALS
AUSTIN, TEXAS

2/13/2025 5:34:55 PM

CHRISTOPHER A. PRINE
Clerk

In the Court of Appeals
for the Fifteenth District of Texas

ETC Field Services, LLC
FKA. Regency Field Services, LLC

*Appellant*

v.

Tema Oil and Gas Co.

*Appellee*

Appeal from the Business Court of Texas
Eighth Business Court Division
The Honorable Jerry D. Bullard, Presiding Judge

**Brief of Appellant ETC Field Services, LLC**

David S. Coale
 Texas Bar No. 00787255
 DCoale@lynnllp.com
Christopher W. Patton
 Texas Bar No. 24083634
 cpatton@lynnllp.com
Jared D. Eisenberg
 Texas Bar No. 24092382
 jeisenberg@lynnllp.com
Carter Plotkin
 Texas Bar No. 24122989
 cplotkin@lynnllp.com

LYNN PINKER HURST &
SCHWEGMANN, LLP
2100 Ross Avenue, Suite 2700
Dallas, Texas 75201-7919
Telephone: (214) 981-3800
Facsimile:   (214) 981-3839

Appellant Requests Oral
Argument

# Identity of Parties and Counsel

The following is a complete list of all parties and their counsel appearing in the trial or appellate courts.

| | |
|---|---|
| *Appellant:* | ETC Field Services, LLC FKA. Regency Field Services, LLC |

ET Gathering & Processing LLC, as successor-in-interest to ETC Field Services, LLC moved the business court to correct Defendant's name-in-suit and the case style. 3 CR 7818. Although that motion was not ruled on, for consistency of the record, Appellant continues to refer to itself as ETC for purposes of this appeal.

*Counsel for Appellant:*   David S. Coale
 Texas Bar No. 00787255
 DCoale@lynnllp.com
Christopher W. Patton
 Texas Bar No. 24083634
 cpatton@lynnllp.com
Jared D. Eisenberg
 Texas Bar No. 24092382
 jeisenberg@lynnllp.com
Carter Plotkin
 Texas Bar No. 24122989
 cplotkin@lynnllp.com
LYNN PINKER HURST & SCHWEGMANN, LLP
2100 Ross Avenue, Suite 2700

|                     | Dallas, Texas 75201-7919 |
| ------------------- | ------------------------ |
|                     | Telephone: (214) 981-3800 |
|                     | Facsimile:   (214) 981-3839 |

*Appellee:*            Tema Oil and Gas Co.

*Counsel for Appellee:*  Kathleen Cynthia Pickett
  State Bar No. 15980500
  cpickett@pickettlawgroup.com
Ana E. Kadala
  State Bar No. 00786007
  akadala@pickettlawgroup.com
N. Kimberly Hoesl
  State Bar No. 24040540
  khoesl@pickettlawgroup.com
Helene Chacon
  State Bar No. 24144211
  hchacon@pickettlawgroup.com
PICKETT LAW GROUP, PLLC
Lakes on Post Oak
3050 Post Oak Blvd., Suite 620
Houston, Texas 77056
Phone: (713) 221-3760
Facsimile: (713) 221-3762

David E. Keltner
  State Bar No. 11249500
  david.keltner@kellyhart.com
Joe Greenhill
  State Bar No. 24084523
  joe.greenhill@kellyhart.com
KELLY HART & HALLMAN LLP
201 Main Street, Suite 2500
Fort Worth, Texas 76102
Telephone: (817) 332-2500

# Table of Contents

Identity of Parties and Counsel................................................................ 2

Table of Contents....................................................................................... 4

Index of Authorities .................................................................................. 5

Statement of Facts ................................................................................... 10

Summary of the Argument...................................................................... 12

Argument ................................................................................................. 13

    I.      The Business Court Clearly Erred by Remanding
           this Case ................................................................................. 13

    II.    The Business Court has Subject-Matter
           Jurisdiction Over this Case ................................................. 18

    III.   The Business Court's Remand Order Should be
           Reversed................................................................................ 25

Conclusion and Prayer............................................................................ 25

Certificate of Service............................................................................... 26

Certificate of Compliance ...................................................................... 27

# Index of Authorities

**Cases**

*Acker v. Texas Water Comm'n,* 790 S.W.2d 299 (Tex. 1990)................... 17

*Brown v. De La Cruz,* 156 S.W.3d 560 (Tex. 2004) ................................. 15

*Cameron v. Terrell & Garrett, Inc.,* 618 S.W.2d 535 (Tex. 1981) ............ 20

*Entergy Gulf States, Inc. v. Summers,* 282 S.W.3d 433 (Tex. 2009)................................................................................................. 19

*ExxonMobil Pipeline Co. v. Coleman,* 512 S.W.3d 895 (Tex. 2017)................................................................................................. 20

*Fitzgerald v. Adv. Spine Fixation Sys., Inc.,* 996 S.W.2d 864 (Tex. 1999) ................................................................................... 19

*Hogan v. S. Methodist Univ.,* 688 S.W.3d 852 (Tex. 2024)..................... 24

*In re Lee,* 411 S.W.3d 445 (Tex. 2013) ........................................................ 16

*Jaster v. Comet II Constr., Inc.,* 438 S.W.3d 556 (Tex. 2014) .................. 19

*Odyssey 2020 Acad., Inc. v. Galveston Cent. Appraisal Dist.,* 624 S.W.3d 535 (Tex. 2021)........................................................... 19

*Powell v. Stover,* 165 S.W.3d 322 (Tex. 2005).......................................... 13

*Robinson v. Crown Cork & Seal Co., Inc.,* 335 S.W.3d 126 (Tex. 2010) ....................................................................................... 23, 24

*Subaru of Am., Inc. v. David McDavid Nissan, Inc.,* 84 S.W.3d 212 (Tex. 2002) ................................................................................ 23

*Tex. Lottery Comm'n v. First State Bank of DeQueen,* 325 S.W.3d 628 (Tex. 2010)................................................................................ 15

**Constitutional Provisions & Statutes**

Act of May 21, 2023, 88th Leg., R.S., ch. 459 ........................................ 18

Act of May 29, 2023, 88th Leg., R.S., ch. 380, § 8 ........................... 14, 18

Act of May 29, 2023, 88th Leg., R.S., ch. 380, § 9 ............................... 19

Tex. Civ. Prac. & Rem. Code § 82.002 .................................................. 19

TEX. GOV'T CODE ANN. § 25A.004(c) ..................................................... 24, 25

TEX. GOV'T CODE ANN. § 25A.006(d) .................................................. 16, 17

TEX. GOV'T CODE ANN. § 25A.006(d), (f)(1) ........................................... 16

## Statement of the Case

| | |
|---|---|
| *Nature of the Case:* | Claims relating to alleged breach of Gas Purchase Contract by the purchaser. |
| *Trial Court:* | The Business Court of Texas Eighth Business Court Division Tarrant County Hon. Jerry D. Bullard, Presiding |
| *Course of Proceedings and Trial Court Disposition:* | In September 2024, Appellant ETC removed this case from the 236th District Court of Tarrant County to the Eighth Division of the Business Court. 3 CR 7778. Appellee Tema moved to remand. 3 CR 7791. |
| | After briefing, the business court issued an order remanding the case to the 236th District Court. 3 CR 7880. ETC promptly noticed an appeal. 3 CR 7898. |

**Statement Regarding Oral Argument**

Appellant respectfully submits that oral argument would assist the Court in resolving this appeal, which presents an issue of first impression for this Court about the scope of subject matter jurisdiction of the newly created business court in Texas based on the meaning of 2023 Texas House Bill 19.

## Issues Presented

The central question in this appeal is whether the scope of subject-matter jurisdiction in the Business Court of Texas includes an action that was filed in district court before September 1, 2024. To that end, this Court must review de novo (1) whether the business court erred in remanding this lawsuit to the district court, and (2) the correct interpretation of Section 8 of the 2023 Texas House Bill 19.

## Statement of Facts

This case is a commercial breach of contract dispute between Appellant ETC Field Services, LLC FKA. Regency Field Services, LLC and Appellee Tema Oil and Gas Co. Tema alleges that it is the successor-in-interest to a Gas Purchase Contract—allegedly an output contract that obligates ETC to employ good faith and best efforts to take nearly all of the gas that Tema produces.[1] Tema alleges that ETC breached the contract by failing to provide sufficient facilities to receive Tema's gas and use its best efforts to buy Tema's gas.[2] ETC denies Tema's claims and asserted affirmative defenses.[3]

Tema originally sued in 2017.[4] But within thirty days of the business court opening on September 1, 2024, ETC removed the pending case to the Eighth Division of the business court.[5] ETC's Notice of Removal established the business court's jurisdiction over the case under Texas Government Code Section 25A.004(c).[6]

---

[1] 3 CR 6773–74.
[2] 3 CR 6774–75.
[3] 1 CR 0095–96.
[4] 1 CR 0082.
[5] 1 CR 0024.
[6] 1 CR 0024–25.

The business court ordered briefing,[7] and the parties complied.[8] The business court then issued an Opinion and Order remanding the case back to the 236th District Court.[9]

ETC filed this appeal, and Tema moved to dismiss. ETC moved to consolidate its response to Tema's motion to dismiss with ETC's briefing, which Tema opposed. The Court denied ETC's motion. ETC timely filed its response to Tema's motion to dismiss, which remains pending before this Court.

ETC also filed a related petition for a writ of mandamus in case number 15-24-00131-CV, which remains pending before this Court.

---

[7] 3 CR 7787.

[8] *See* 3 CR 7802, 3 CR 7831.

[9] 3 CR 7880.

## Summary of the Argument

The business court erred in remanding this business dispute back to the 236th District Court of Tarrant County. Specifically, the business court erred in both its determination of the scope of its jurisdiction and interpretation of Section 8 of 2023 H.B. 19, which states that the "changes in law made by this Act apply to civil actions commenced on or after September 1, 2024."

Contrary to Tema's assertions, Section 8 of the Act does not preclude the removal of cases filed before that date. The plain language of the statute, legislative intent and history, principles of statutory construction, and the procedural-versus-substantive law distinction all support ETC's interpretation. The business court's remand order deprives ETC of the benefits of the business court and subjects ETC to further delay and expense in the district court.

This Court should reverse the remand order and direct the business court to accept the removal of this case. Accordingly, ETC respectfully requests that this Court reverse the remand order, find that the business court has jurisdiction over this case, and compel the business court to accept it.

**Argument**

## I.    The Business Court Clearly Erred by Remanding this Case

This appeal presents an issue of statutory construction that this Court reviews de novo.[10] The business court committed a material error of law in both construing a statute and determining the scope of subject matter jurisdiction in its court. This Court need not give deference to those decisions because both are questions of law that this court reviews de novo.

ETC identified two grounds for business court jurisdiction in its removal notice.[11] Appellees did not dispute either of those grounds in their motion to dismiss this appeal, and the business court did not address them in its remand order.[12] That's not surprising, because this action presents precisely the sort of concerns that the Legislature that enacted the business courts intended the business courts to resolve: district court backlog.[13] This

---

[10] *See Powell v. Stover*, 165 S.W.3d 322, 324 (Tex. 2005); *In re M.I.M.*, 370 S.W.3d 94, 96–97 (Tex. App.—Dallas 2012, pet. denied).

[11] 1 CR 0024–25.

[12] *See* 3 CR 7880.

[13] TEXAS BUSINESS LAW FOUNDATION, ENACTMENT OF HB 19 BY THE 2023 TEXAS LEGISLATURE: SPECIALIZED TEXAS BUSINESS COURT at 3, https://tinyurl.com/2y7kze4b (stating that business court jurisdiction was enacted to provide that complex cases within business court jurisdiction "will no longer compete with, and when they are heard, delay, the variety of civil and criminal matters that currently crowd the dockets of state district courts, many of which are given statutory priority over business cases [such as criminal matters].").

business dispute has sat in the district court for nearly eight years. Indeed, the Legislature that enacted the business courts expected the business court to "help to remove complex or lengthy business cases from existing court dockets, which could facilitate quicker resolutions for all cases."[14]

Instead of honoring the business court's function, Tema argued that business court jurisdiction excludes cases filed before September 1, 2024. Tema cited Section 8 of H.B. 19, the law creating the business courts, which provides: "The changes in law made by this Act apply to civil actions commenced on or after September 1, 2024."[15] The business court erroneously agreed that H.B. 19 § 8 required remand of this case to the district court.[16]

### A. The Business Court Erred in Reasoning that the Legislature Would have Used Different Words to Effect the Same Plain Meaning

As to the specific language of Section 8, the business court noted that the statute could have phrased its "open for business" provision differently. For example, the court reasoned, the

---

[14] House Research Organization, *Bill Analysis HB 19 (2nd reading)* at 9, https://hro.house.texas.gov/pdf/ba88R/HB0019.PDF (last visited Feb. 11, 2025) (hereinafter "House Research").

[15] Act of May 29, 2023, 88th Leg., R.S., ch. 380, § 8.

[16] 3 CR 7895.

Legislature could have said "that the Business Court could begin accepting cases on or after September 1, 2024."[17]

But statutory interpretation does not demand perfection from the Legislature. The role of a court, when interpreting a statute, is to construe the words that the Legislature used. As explained in detail below, nothing about the language of Section 8 requires addition of the word "only" to give those terms meaning. Whether the Legislature could have expressed itself using different words is simply not a relevant consideration.[18]

### B. The Business Court's Conclusion Based on Texas Civil Practice and Remedies Code Chapter 25A is not Supported

The business court reasoned that, "[b]ecause Chapter 25A in its entirety is a change of law, it follows logically that Section 25A.006's removal provisions are changes in law, too."[19] The court went on to hold that "removal under Chapter 25A is a change in law limited in its application to cases begun on or after September 1, 2024."[20]

---

[17] 3 CR 7891.

[18] "Even when [courts believe] the Legislature may have made a mistake, courts are not empowered to 'fix' the mistake by disregarding direct and clear statutory language that does not create an absurdity." *Tex. Lottery Comm'n v. First State Bank of DeQueen*, 325 S.W.3d 628, 638 (Tex. 2010) (citing *Brown v. De La Cruz*, 156 S.W.3d 560, 566 (Tex. 2004)).

[19] 3 CR 7886.

[20] 3 CR 7886.

In other words, because the new business courts were not operating under chapter 25A until September 1, 2024, the court below held that chapter 25A's removal provisions could only apply to cases filed after that date. But that reasoning does not support Tema's interpretation of the statute. At most, it shows only that a case could not have been removed before September 1, 2024, because no functional business court would have been open to receive that removal. Tema's argument cannot explain why, after the business courts became operational on September 1, they would not have removal jurisdiction over existing cases that could now use the newly opened forum and new procedural removal right.

Contrary to Tema's and the business court's reasoning, the specific language of the removal provision in chapter 25A supports ETC's interpretation. That statute says: "A party to *an action filed in a district court* or county court at law that is within the jurisdiction of the business court may remove the action to the business court."[21] This case was "an action filed in a district court" as of September 1, 2024. Ten days later, pursuant to this statute, the "part[ies] to [this] action" gained the right to remove to business court.[22] Specific statutory language controls over more general terms,[23] and nothing

---

[21] TEX. GOV'T CODE ANN. § 25A.006(d) (emphasis added).

[22] TEX. GOV'T CODE ANN. § 25A.006(d), (f)(1).

[23] *See, e.g.*, *In re Lee*, 411 S.W.3d 445, 451 (Tex. 2013) (quoting TEX. GOV'T CODE ANN. § 311.026(a)) ("When construing the statute as a whole, we are mindful

16

about this specific language shows any legislative intent to limit removal rights to actions initiated after September 1, 2024.

More broadly, when the Legislature enacts a new statute, it is presumed to be aware of all Texas laws, not just the handful of statutes immediately at hand.[24] And while chapter 25A is a new component of the Government Code, it is not a standalone set of laws—to the contrary, it has meaning only because of many other statutes that establish the Texas courts and how they work. Here, the Legislature knew that many existing cases across the state could be within the business court's jurisdiction, which means that they would be "action[s] filed" in other district courts as of September 1, 2024.[25] Yet the Legislature chose not to add the limiting language that it has used on many other occasions.

Absent any limiting language, the best reading of the business court removal law is that the parties to existing cases acquired a new right as of September 1, 2024. Yes, those parties were originally in court because of other statutes (*i.e.*, laws defining the jurisdiction of

---

that '[i]f a general provision conflicts with a special or local provision, the provisions shall be construed, if possible, so that effect is given to both.' However, in the event that any such conflict is irreconcilable, the more specific provision will generally prevail.").

[24] *See Acker v. Tex. Water Comm'n*, 790 S.W.2d 299, 301 (Tex. 1990) ("A statute is presumed to have been enacted by the legislature with complete knowledge of the existing law and with reference to it.").

[25] TEX. GOV'T CODE ANN. § 25A.006(d).

the district court where the original suit was filed). But that has nothing to do with the right they acquired as a result of the enactment of the removal statute. Whether that new statute was part of a new subchapter, or was not, the rights it created apply to "actions filed" as of September 1, 2024.[26]

## II. The Business Court has Subject-Matter Jurisdiction Over this Case

### A. The Plain Reading of H.B. 19's Section 8 Does not Prohibit Removal of Cases Filed Before September 1, 2024

H.B. 19, Section 8 provides: "The changes in law made by this Act apply to civil actions commenced on or after September 1, 2024."[27] There's a good reason for that statement. The business court system started from scratch. Logistical arrangements had to be made for an entire state's worth of trial-level business courts. This Court had to be created to hear appeals from them.[28] In that environment of uncertainty, Section 8 makes clear that no matter what, the business courts will be open to accept cases as of September 1, 2024.

Consistent with this meaning, H.B. 19, Section 9 identifies September 1, 2023 as the effective date of the act, providing a year

---

[26] *Id.*

[27] Act of May 29, 2023, 88th Leg., R.S., ch. 380, § 8.

[28] Act of May 21, 2023, 88th Leg., R.S., ch. 459.

18

between the effective date and the open-for-business date, for all the business court logistics to be arranged.[29]

## B. Basic Principles of Statutory Construction Show that Section 8 Does Not Prohibit Removal of Cases Filed Before September 1, 2024

Tema's argument for remand improperly asked the business court to insert the word "only" into that statute, *i.e*.: "The changes in law made by this Act apply ***only*** to civil actions commenced on or after September 1, 2024." That argument is not supported by basic principles for statutory construction in Texas.

Texas courts must enforce statutes as written, without adding or deleting words.[30] Courts do not rewrite the text chosen by the Legislature;[31] courts limit their analysis to the plain meaning of the words chosen unless that meaning leads to a nonsensical result.[32]

---

[29] Act of May 29, 2023, 88th Leg., R.S., ch. 380, § 9.

[30] "A court *may not* judicially amend a statute by adding words that are not contained in the language of the statute. Instead, it must apply the statute as written." *Odyssey 2020 Acad., Inc. v. Galveston Cent. Appraisal Dist.*, 624 S.W.3d 535, 543 (Tex. 2021) (emphasis added) (quotation omitted).

[31] *See Jaster v. Comet II Constr., Inc.*, 438 S.W.3d 556, 562 (Tex. 2014) (quoting *Entergy Gulf States, Inc. v. Summers*, 282 S.W.3d 433, 443 (Tex. 2009)) ("We must enforce the statute 'as written' and 'refrain from rewriting text that lawmakers chose.'").

[32] *See id.*; *Fitzgerald v. Adv. Spine Fixation Sys., Inc.*, 996 S.W.2d 864, 866–67 (Tex. 1999) (reading Tex. Civ. Prac. & Rem. Code § 82.002 to provide manufacturer indemnity to any "seller," not just sellers in manufacturer's chain of distribution); *Summers*, 282 S.W.3d at 437–38 (concluding that premises owners could meet definition of "general contractors" entitled to the benefit of the exclusive remedy defense under the Texas Workers' Compensation Act);

Because every word of a statute is presumed to have a purpose, "every word excluded from a statute must also be presumed to have been excluded for a purpose. Only when it is necessary to give effect to the clear legislative intent can [courts] insert additional words or requirements into a statutory provision."[33]

When the Legislature means that a statute "only" applies to certain kinds of cases, it uses the word "only." The following chart provides numerous examples of where the Legislature has created a limit to a statute's scope based on the age of the case. Each time, the Legislature not only used the word "only," but went on to specifically define the extent of the exclusion from the statute.

| Statute | Applicable Language |
|---|---|
| Act of May 17, 2023, 88th Leg., R.S., ch. 763, § 2 | "The change in law made by this Act applies *only* to a civil action commenced on or after the effective date of this Act. A civil action commenced before the effective date of this Act is governed by the law in effect immediately before the effective date of this Act, and that law is continued in effect for that purpose." (emphasis added) |

*ExxonMobil Pipeline Co. v. Coleman*, 512 S.W.3d 895, 900–01 (Tex. 2017) (per curiam) (concluding that pre-2019 version of Texas Citizens Participation Act extended its protections to private communications).

[33] *Cameron v. Terrell & Garrett, Inc.*, 618 S.W.2d 535, 540 (Tex. 1981).

| | |
|---|---|
| Act of May 28, 2021, 87th Leg., R.S., ch. 665, § 2, 2021 Tex. Gen. Laws 1391, 1391 | "The change in law made by this Act applies *only* to an award of attorney's fees in an action commenced on or after the effective date of this Act. An award of attorney's fees in an action commenced before the effective date of this Act is governed by the law applicable to the award immediately before the effective date of this Act, and that law is continued in effect for that purpose." (emphasis added) |
| Act of May 21, 2019, 86th Leg., R.S., ch. 885, § 2, 2019 Tex. Gen. Laws 2369, 2370 | "The change in law made by this Act applies *only* to a civil action commenced on or after the effective date of this Act. A civil action commenced before the effective date of this Act is governed by the law applicable to the action immediately before the effective date of this Act, and that law is continued in effect for that purpose." (emphasis added) |
| Act of May 17, 2019, 86th Leg., R.S., ch. 378, § 11, 2019 Tex. Gen. Laws 684, 687 | "Chapter 27, Civil Practice and Remedies Code, as amended by this Act, applies *only* to an action filed on or after the effective date of this Act. An action filed before the effective date of this Act is governed by the law in effect immediately before that date, and that law is continued in effect for |

| | that purpose." (emphasis added) |
|---|---|
| Act of June 2, 2003, 78th Leg., R.S., ch. 204, § 23.02(d), 2003 Tex. Gen. Laws 847, 899 | "Except as otherwise provided in this section or by a specific provision in an article, this Act applies *only* to an action filed on or after the effective date of this Act. An action filed before the effective date of this Act, including an action filed before that date in which a party is joined or designated after that date, is governed by the law in effect immediately before the change in law made by this Act, and that law is continued in effect for that purpose." (emphasis added) |
| Act of May 19, 1997, 75th Leg., R.S., ch. 533, §§ 1, 4, 1997 Tex. Gen. Laws 901, 901 | Amending the jurisdiction of justices of the peace over rehabilitative or remedial criminal cases and providing that such "change in law made by this Act applies *only* to jurisdiction for the trial of an offense committed on or after the effective date of this Act," and that "[j]urisdiction for the trial of an offense committed before the effective date of this Act is covered by the law in effect when the offense was committed, and the former law is continued in effect for that purpose." (emphasis added) |

In sum, inserting the word "only" into Section 8 is not necessary to give effect to the clear legislative intent. Section 8 is fairly read, without any such insertion, to mean just what it says—that starting on September 1, 2024, the business courts are available to all parties in cases for which there is jurisdiction.

## C. H.B. 19 is a Procedural Statute, and Procedural Statutes are Presumed to Apply to Ongoing Matters as of Their Effective Date

Analysis of Texas law about the retroactive application of statutes further shows that the business court had jurisdiction, because H.B. 19 is a procedural statute that applies retroactively.

In an opinion about the retroactivity clause, the Supreme Court of Texas held that "changes in the law that merely affect remedies or procedure, or that otherwise have little impact on prior rights, are usually not unconstitutionally retroactive."[34] That statement is consistent with long-standing precedent that, when a statute determines "what tribunal . . . has the authority to initially decide a Code issue or claim," that statute is procedural in nature and doesn't raise retroactivity concerns.[35] A Texas Supreme Court case last year summarized: "[T]he procedural pathway . . . is not a

---

[34] *Robinson v. Crown Cork & Seal Co.*, 335 S.W.3d 126, 146 (Tex. 2010).

[35] *Subaru of Am., Inc. v. David McDavid Nissan, Inc.*, 84 S.W.3d 212, 222 (Tex. 2002).

23

matter with which the constitutional retroactivity bar is concerned."[36]

Examination of the *Robinson* retroactivity factors confirms that the business court statute reaches pre-September 1 cases. In determining whether a statute is unconstitutionally retroactive, "courts must consider three factors in light of the prohibition's dual objectives: [1] the nature and strength of the public interest served by the statute as evidenced by the Legislature's factual findings; [2] the nature of the prior right impaired by the statute; [3] and the extent of the impairment."[37] There is a strong public interest in the creation of the business courts to expedite complex business cases, create consistent precedent, and reduce backlog, freeing up district courts for other matters.[38] Further, H.B. 19's retroactive application does not impair any right; to the contrary, the case will continue to trial in a forum specially designed for just such cases.[39]

The business court compounded its misreading of the statute by failing to apply H.B. 19, a procedural statute, to ongoing cases.

---

[36] *Hogan v. S. Methodist Univ.*, 688 S.W.3d 852, 863 (Tex. 2024).
[37] *Robinson*, 335 S.W.3d at 145.
[38] *See supra* notes 13–14.
[39] *See* TEX. GOV'T CODE ANN. § 25A.004(c).

## III.  The Business Court's Remand Order Should be Reversed

The business court below based its remand order on a single sentence in H.B. 19,[40] which confers subject-matter jurisdiction on the business court over this case.[41] As articulated in detail above, Section 8 does not prevent the removal of cases filed before September 1, 2024. Accordingly, the business court's remand order clearly erred in finding that the business court lacked jurisdiction of this case and must be reversed.

## Conclusion and Prayer

For the foregoing reasons, Appellant ETC respectfully requests that the Court reverse the business court's order of remand, hold that the business court has jurisdiction over this case and direct the business court to exercise it, and grant all other relief to which ETC may be justly entitled that is consistent therewith.

Dated: February 13, 2025    Respectfully submitted,

_____
David S. Coale
  Texas Bar No. 00787255
DCoale@lynnllp.com
  Christopher W. Patton
Texas Bar No. 24083634
  cpatton@lynnllp.com

---

[40] *See* 3 CR 7884.
[41] TEX. GOV'T CODE ANN. § 25A.004(c).

25

Jared D. Eisenberg
Texas Bar No. 24092382
jeisenberg@lynnllp.com
Carter Plotkin
Texas Bar No. 24122989
cplotkin@lynnllp.com
LYNN PINKER HURST & SCHWEGMANN,
LLP
2100 Ross Avenue, Suite 2700
Dallas, Texas 75201-7919
Telephone: (214) 981-3800
Facsimile:   (214) 981-3839

*Attorneys for Appellant ETC Field Services, LLC FKA. Regency Field Services, LLC*

## Certificate of Service

Pursuant to Texas Rule of Appellate Procedure 9.5, I certify that I served on February 13, 2025 via an electronic service provider a true and correct copy of this document and all attachments upon all counsel of record as follows:

Kathleen Cynthia Pickett
State Bar No. 15980500
cpickett@pickettlawgrou.com
Ana E. Kadala
State Bar No. 00786007
akadala@pickettlawgroup.com
N. Kimberly Hoesl
State Bar No. 24040540

26

khoesl@pickettlawgroup.com
Helene Chacon
State Bar No. 24144211
hchacon@pickettlawgroup.com
PICKETT LAW GROUP, PLLC
Lakes on Post Oak
3050 Post Oak Blvd., Suite 620
Houston, Texas 77056
Phone: (713) 221-3760
Facsimile: (713) 221-3762

David E. Keltner
State Bar No. 11249500
david.keltner@kellyhart.com
Joe Greenhill
State Bar No. 24084523
joe.greenhill@kellyhart.com
KELLY HART & HALLMAN LLP
201 Main Street, Suite 2500
Fort Worth, Texas 76102
Telephone: (817) 332-2500

*Attorneys for Appellee Tema Oil and Gas Co.*

_____

David S. Coale

**Certificate of Compliance**

Pursuant to Texas Rule of Appellate Procedure 9.4(i)(3), this brief complies with Rule 9.4 because the total number of all words in this document are 4,607.

David S. Coale

# APPENDIX

| Appendix A | Opinion and Order | 3 CR 7880 |
|------------|-------------------|-----------|

# APPENDIX A

E-filed in the Office of the Clerk
for the Business Court of Texas
11/6/2024 3:48 PM
Accepted by: Beverly Crumley
Case Number: 24-BC08B-0001



The Business Court of Texas
Eighth Division

| | | |
|---|---|---|
| TEMA OIL AND GAS COMPANY, | § § § § § § § § § § § § § | |
| *Plaintiff,* | | |
| v. | | Cause No. 24-BC08B-0001 |
| ETC FIELD SERVICES, LLC FKA REGENCY FIELD SERVICES, LLC, | | |
| *Defendant.* | | |

## OPINION AND ORDER

Before the Court is Plaintiff Tema Oil and Gas Company's ("Tema") Motion to Remand ("Remand Motion") filed on October 8, 2024. Tema's Remand Motion and Defendant ETC Field Services, LLC, f/k/a Regency Field Services, LLC's ("ETC") Brief on Jurisdiction and Response in Opposition to Tema's Motion to Remand raise two issues: (1) whether ETC is entitled to remove to the Business Court of Texas ("Business Court") the case commenced in the 236th Judicial District Court of Tarrant County ("District Court"); and (2) whether Tema is entitled to sanctions. After considering the parties' arguments and the relevant law, the Court concludes that neither removal nor sanctions is

7880

appropriate. Accordingly, the Court grants in part and denies in part Tema's Remand Motion.

## I. BACKGROUND

The parties are business entities operating in the oil-and-gas industry. Their predecessors in interest executed a gas purchase contract encompassing the working interest in gas produced from two tracts in Loving County, Texas. The contract, according to Tema, obligates ETC to provide facilities to receive Tema's gas and to purchase it.

### A. Tema commences litigation in the District Court

After ETC allegedly failed to meet its contractual obligation for numerous months over several years, Tema sued ETC in the District Court on March 17, 2017, for breach of contract and negligence. Thereafter, Tema and ETC became embroiled in a plethora of trial and appellate court activity spanning more than seven years before ETC filed a Notice of Removal to Business Court ("Removal Notice") on September 11, 2024.

### B. The legislature passes H.B. 19 to create the Business Court

While this case was pending in the District Court, legislation establishing the Business Court was enacted in 2023 when H.B. 19 was signed into law. *See* Act of May 25, 2023, 88th Leg., R.S., ch. 380, §§ 1-9, 2023 Tex. Sess. Law Serv. 919, 919-929. Section 1 of H.B. 19 codifies Chapter 25A of the Texas Government Code to establish the Business Court. *Id.* § 1 (codified at TEX. GOV'T CODE ANN. § 25A.001 *et. seq*). Although uncodified Section 9 of H.B. 19 notes that the effective date for H.B. 19 is September 1, 2023, two other uncodified sections of H.B. 19—Sections 5 and 8—clarify that the operative date for Chapter 25A is September 1, 2024. *See* Act of May 25, 2023, 88th Leg., R.S., ch. 380, §§

2

5, 8-9, 2023 Tex. Sess. Law Serv. 919, 929. Section 5 identifies the Business Court's creation date as September 1, 2024, and Section 8 declares that H.B. 19's changes in law apply to cases begun on or after September 1, 2024. *Id.* §§ 5, 8.

### C. Section 25A.006 permits removal and authorizes sanctions

Chapter 25A permits the removal of a case to the Business Court pursuant to Section 25A.006. *See* TEX. GOV'T CODE ANN. § 25A.006(d)-(j). Section 25A.006 establishes that removal is effectuated by filing notice and is permitted so long as the Business Court has jurisdiction; otherwise, remand is required. *Id.* § 25A.006(d)-(g). Section 25A.006 also establishes that sanctions are available for a frivolous notice of removal. *Id.* § 25A.006(h). Nothing in Chapter 25A, including Section 25A.006, speaks to the removal of a case commenced before September 1, 2024. Indeed, Chapter 25A does not include the commencement-date restriction articulated in Section 8 of H.B. 19.

### D. Rule 355 permits removal and authorizes a party to seek remand

To implement Chapter 25A, the Supreme Court of Texas adopted new and amended rules of civil procedure applicable to the Business Court in June 2024. *See* Supreme Court of Tex., *Final Approval of Rules for the Business Court*, Misc. Docket No. 24-9037 (Jun. 28, 2024). The operative date for these new rules, like Chapter 25A, is September 1, 2024. *See id.* ("…this Order incorporates the revisions and contains the final version of the new and amended rules, effective September 1, 2024.").

The rule governing removal is Texas Rule of Civil Procedure 355. *See* TEX. R. CIV. P. 355. Like Section 25A.006, Rule 355 requires the moving party to give notice and to establish the Business Court's jurisdiction (albeit the rule uses the term "authority"). TEX.

3

R. CIV. P. 355(a)-(c). And like Section 25A.006, Rule 355 also requires remand if removal was improper, though, unlike Section 25A.006, Rule 355 authorizes a party to file a motion to remand. TEX. R. CIV. P. 355(f). Nothing in these new rules, including Rule 355, speaks to the removal of a case commenced before September 1, 2024. In fact, like Chapter 25A, these rules do not include the commencement-date restriction articulated in Section 8 of H.B. 19.

### E. ETC seeks removal and Tema seeks remand and sanctions

ETC filed its Removal Notice on September 11, 2024. ETC contends, *inter alia*, removal is proper because the Business Court was granted authority over this case on September 1, 2024. Tema responded to ETC's Removal Notice by filing its Remand Motion on October 8, 2024. Tema argues, *inter alia*, removal is improper because only those cases filed on or after September 1, 2024, can be removed to the Business Court. Consequently, Tema seeks remand. Tema also seeks sanctions against ETC. Sanctions are warranted, according to Tema, because ETC seeks removal for frivolous purposes.

The Court also ordered, and the parties submitted, briefing on the effect, if any, of Section 8 on the Court's jurisdiction and authority to hear this case. Although provided the opportunity, neither party requested a hearing on its respective pleadings.

## II. DISCUSSION

The issues before the Court are the propriety of removal and sanctions.

### A. Removal is not permitted

As mentioned previously, neither Section 25A.006 nor Rule 355 contains an express provision permitting or prohibiting the removal of a case commenced before

4

September 1, 2024. In its briefing, ETC argues removal is permitted because it timely and properly removed the case, the Court has subject-matter jurisdiction of a case involving a publicly traded company and arising under trade regulation law, and Section 8 of H.B. 19 does not bar removal of the case. Section 8 does not bar removal of the case, according to ETC, because its plain language does not explicitly prohibit removal of cases filed before September 1, 2024, or expressly state it applies "only" to cases commenced thereafter. ETC maintains the absence of such limiting language indicates the legislature did not intend to exclude cases begun before September 1, 2024. In other words, ETC contends the legislature intended Chapter 25A to apply retroactively to permit removal of cases filed before September 1, 2024. ETC's argument is unpersuasive.

1. **The plain and common text of H.B. 19 must be construed to ascertain if the legislature intended Chapter 25A to permit removal of cases filed before September 1, 2024**

To determine whether Section 8 permits the retroactive application of Chapter 25A, the Court must construe Section 8 in the context and framework of H.B. 19.

Construing a statute is a question of law. *Cadena Comercial USA Corp. v. Tex. Alcoholic Beverage Comm'n*, 518 S.W.3d 318, 325 (Tex. 2017). The objective in construing a statute is to ascertain and effectuate legislative intent. *Id.* The legislative intent of a statute is ordinarily expressed in the plain and common meaning of its text "unless a different meaning is supplied, is apparent from the context, or the plain meaning of the words leads to absurd or nonsensical results." *Id.* (citation omitted). In construing the plain and common meaning of statutory text, the words and phrases are considered in the context and framework of the entire statute and construed as a whole. *Id.* at 325-26

5

7884

(citations omitted). The words and phrases are also construed according to the rules of grammar and usage. *Id.* at 325 (quotation marks and citations omitted). The presumption is that the legislature chose the statutory text "with care, including each word chosen for a purpose, while purposefully omitting words not chosen." *Id.* at 325-26 (citation omitted). When a statute is clear and unambiguous on its face, *i.e.*, when the statutory text is not susceptible to more than one reasonable interpretation and alone conveys legislative intent, there is no need to resort to extrinsic aids to construe the text. *Fort Worth Transp. Auth. v. Rodriguez*, 547 S.W.3d 830, 838 (Tex. 2018)*; but see* TEX. GOV'T CODE ANN. § 311.023 (permitting courts to consider legislative history and other construction aids regardless of ambiguity).

**2. Section 8, when construed in harmony with the other provisions of H.B. 19, expresses the legislative intent that cases filed before September 1, 2024, cannot be removed to the Business Court**

Section 8 is unambiguous and clear on its face, and ETC does not contend otherwise. In plain and common terms, Section 8, when construed in harmony with the other provisions of H.B. 19, expresses the legislative intent that cases filed before September 1, 2024, cannot be removed to the Business Court.

Section 8—H.B. 19's applicability clause—states in its entirety:

> The changes in law made by this Act apply to civil actions commenced on or after September 1, 2024.

Act of May 25, 2023, 88th Leg., R.S., ch. 380, § 8, 2023 Tex. Sess. Law Serv. 919, 929. Broken down to its constituent parts, Section 8 provides that (i) "[t]he changes in law" effectuated by H.B. 19 (ii) "apply to civil actions" (iii) "commenced on or after September

6

1, 2024." *Id.* Although the terms "civil action" and "commence" are not defined in Chapter 25A, the rules of civil procedure applicable to the Business Court, or any provision of H.B. 19, these terms have plain and common meanings. A civil action is a lawsuit. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 11.001(2) (defining "litigation" as "a civil action commenced, maintained, or pending in any state or federal court"); *Civil Action*, Merriam-Webster Dictionary, https://www.merriam-webster.com/dictionary/civil%20action (defining "civil action" as "a lawsuit about a person's rights") (last visited November 6, 2024). A lawsuit commences, *i.e.*, begins, when a petition is filed. *See* TEX. R. CIV. P. 22 ("A civil suit in the district or county court shall be commenced by a petition filed in the office of the clerk."); *Commence*, Merriam-Webster Dictionary, https://www.merriam-webster.com/dictionary/commence (defining "commence" in one respect as "to enter upon: begin") (last visited November 6, 2024).

One of the changes in law effectuated by H.B. 19 is the creation of Chapter 25A in Section 1. Because Chapter 25A in its entirety is a change of law, it follows logically that Section 25A.006's removal provisions are changes in law, too. Thus, when construed in the context and framework of Chapter 25A's removal provisions, Section 8's plain and common language means what it says and says what it means: removal under Chapter 25A is a change in law limited in its application to cases begun on or after September 1, 2024. *See Union Pac. R.R. Co. v. Brown*, No. 04-17-00788-CV, 2018 WL 6624507, at *3 n.2 (Tex. App.—San Antonio Dec. 19, 2018, no pet.) (mem. op.) (holding statute's uncodified effective date was still binding law) (quoting *United States of Am. for the Use & Benefit of E*

7

*J Smith Constr., Co. v. Travelers Cas. & Sur. Co.*, No. 5:15-CV-971 RP, 2016 WL 1030154, at \*5 (W.D. Tex. Mar. 10, 2016) ("Uncodified session law is law nonetheless.")).

This construction of Section 8 is not absurd or nonsensical. No other provision in H.B. 19 indicates the contrary, *i.e.*, that suits filed before September 1, 2024, can be removed. Section 1 and Section 5—the portion of H.B. 19 identifying September 1, 2024, as the Business Court's creation date—are both silent on the matter. Neither section addresses the retroactive or prospective application of Chapter 25A or includes the commencement-date restriction articulated in Section 8. In fact, the identification of September 1, 2024, as the creation date for the Business Court in Section 5 bolsters the conclusion that lawsuits filed before September 1, 2024, cannot be removed to the Business Court. This conclusion is further bolstered when Sections 8 and 9 are considered together, as they should be. Although Section 9 makes H.B. 19 effective on September 1, 2023, Section 8 clarifies that the changes in law implemented by H.B. 19 affecting civil actions do not apply before September 1, 2024.

The Business Court was granted jurisdiction over cases begun on or after September 1, 2024. ETC does not dispute that Chapter 25A and its provisions, including removal, did not come into force until September 1, 2024, and that the case began in the District Court on March 17, 2017. Because the case did not begin in the District Court on or after September 1, 2024, Section 25A.006's removal provision does not apply. Consequently, ETC cannot remove the case to the Business Court pursuant to Section 25A.006. *See* TEX. GOV'T CODE ANN. § 25A.006(d) (stating that removal is permitted only if the Business

8

Court has jurisdiction).[1]  Given the conclusion that removal is not permitted, there is no need to address ETC's argument that Chapter 25A's jurisdictional requirements are met because this case involves a publicly traded company and arises under trade regulation law.

### (a) The absence of the word "only" or other limiting clarifying phrases from Section 8 does not mean that cases filed before September 1, 2024, can be removed

That the legislature included Section 8 in H.B. 19 to identify the date when Chapter 25A and its provisions, including removal, would become operative for case processing purposes strongly suggests, if not outright proves, the legislature did not intend for Chapter 25A to apply retroactively.  Notwithstanding this reasoning, ETC asserts the omission of the word "only" or other limiting clarifying phrases from Section 8 was purposeful and indicative of the legislature's intent not to prohibit the removal of cases filed before September 1, 2024.  Relying on the presumption identified in *Cadena Comercial USA Corp.* (and numerous other cases) that the purposeful omission of words indicates legislative intent, ETC cites various legislative acts that assertedly prove the legislature always resorts to distinctive language, even in jurisdictional statutes, when limiting an act's retroactive application.  ETC's assertion is not persuasive.

The legislative acts cited by ETC are amendments containing express language in their applicability clauses delineating the non-retroactive application of the amended law.

---

[1] The conclusion that removal is not permitted here is consistent with the same conclusion reached by the Hon. Bill Whitehill of the Business Court's First Division in two similar cases involving lawsuits filed before September 1, 2024.  *See Energy Transfer LP v. Culberson Midstream LLC*, No. 24-BC01B-0005, 2024 Tex. Bus. 1; 2024 WL 4648110 (Tex. Bus. Ct. Oct. 30, 2024); *Synergy Glob. Outsourcing, LLC v. Hinduja Glob. Sols., Inc.*, No. 24-BC01B-0007, 2024 Tex. Bus. 2 (Tex. Bus. Ct. Oct. 31, 2024).  These opinions and orders are available at https://www.txcourts.gov/businesscourt/divisions/first/.

7888

For example, in the 2021 legislative act cited by ETC that amended the law to expand the recovery of attorney's fees, the legislature delineated the non-retroactive application of the amended law by stating, in the applicability clause, that whereas the amended law applied "only" to a case begun on or after the effective date, the existing law continued to apply to a case begun before then. *See* Act of May 28, 2021, 87th Leg., R.S. ch. 665, §§ 1, 2, 2011 Tex. Gen. Laws 1391, 1391. Likewise, in the 1989 legislative act cited by ETC that amended the law to limit the scope of consumer protection measures, the legislature delineated the non-retroactive application of the amended law by stating, in the applicability clause, that whereas the amended law applied "to all" cases begun on or after the effective date, the existing law continued to apply to a case begun before then. *See* Act of May 29, 1989, 71st Leg., R.S., ch. 380, §§ 1-6, 1989 Tex. Gen. Laws 1490, 1490-93.

In the legislative acts cited by ETC, it made sense for the legislature to insert "only" or other limiting clarifying phrases in the applicability clauses to expressly indicate that the amended law did not apply retroactively to pending cases. Here, in contrast, the possibility of the retroactive application of law to pending cases is not addressed by H.B. 19's amendment to existing law and codification of new law. The existing law amended by H.B. 19 is contained in Sections 2 and 3. These sections of the bill amended existing Sections 659.012(a) and (e) and 837.001(a) of the Government Code. These statutory provisions address the salary and membership in a retirement system, respectively, of a Business Court judge. *See* TEX. GOV'T CODE ANN. §§ 659.012(a), (e), 837.001(a). They do not concern civil actions and, thus, do not concern the possibility of retroactivity. In contrast, the only section of H.B. 19 that does concern civil actions is Section 1. But it, too,

10

does not broach the possibility of retroactivity. As has been previously mentioned, this section of the bill codified new law: Chapter 25A and its provisions, including removal. Because Chapter 25A is new law that came into force on September 1, 2024, there were no pending cases existing under Chapter 25A before September 1, 2024. Consequently, there was no need for the legislature to insert "only" or other limiting clarifying phrases in the applicability clause to expressly indicate that the new law did not apply retroactively to non-existing pending cases. It would have been superfluous for the legislature to have done so.

**(b) The absence of the word "only" or other limiting clarifying phrases from Section 8 does not mean that the Court must accept pending cases on or after September 1, 2024**

ETC also maintains the intentional absence of the word "only" or other limiting clarifying phrases from Section 8 transforms the meaning of Section 8 to that of a marquee flashing an open-for-business date of September 1, 2024. This is allegedly evident when Section 8 is juxtaposed to Sections 25A.006(d) and (f)(1). According to ETC, whereas Section 8 does not explicitly prohibit removal of a case filed before September 1, 2024, Sections 25A.006 (d) and (f)(1) explicitly permits removal of a case so long as it is removed within 30 days, as occurred here, no matter when it was commenced.

ETC's proposed construction is awkward and disregards, as set forth above, the plain and common meaning of Section 8 when construed in the context and framework of Chapter 25A's removal provisions. To accept ETC's proposed construction would lead to an absurd or nonsensical result: treating Section 8 as surplusage and rendering it meaningless. This the Court may not do. *See Spradlin v. Jim Walter Homes, Inc.*, 34

11

7890

S.W.3d 578, 580 (Tex. 2000) (stating that statutory language should not be construed in a manner rendering words useless or a nullity). Had the legislature intended for Section 8 to mean simply that the Business Court could begin accepting cases on or after September 1, 2024, the legislature would have written Section 8 to so state. But the legislature did not, and the Court cannot rewrite Section 8 to so state. *See Cadena Comercial USA Corp.*, 518 S.W.3d at 326 ("… we take statutes as we find them and refrain from rewriting the Legislature's text.").

> **(c) Although consideration of H.B.19's legislative history is not required to ascertain legislative intent, the legislative history does not support the conclusion that removal of cases filed before September 1, 2024, is proper**

Although ETC does not contend Section 8 is ambiguous, ETC nonetheless argues H.B. 19's legislative history supports the conclusion that the legislature intended Section 8 to permit removal of cases filed before September 1, 2024. That the legislature omitted the word "only" or other limiting clarifying phrases from Section 8 necessarily means, according to ETC, that the legislature intended to expand the Business Court's jurisdiction to consider pending cases burdening the dockets of other courts. ETC's argument is misguided.

Because Section 8 is facially unambiguous and its legislative intent can be discerned from the plain and common meaning of its words, there is no need to resort to H.B. 19's legislative history as an aid. *See Fort Worth Transp. Auth.*, 547 S.W.3d at 838. But even if H.B. 19's legislative history were considered, it would support the conclusion that the legislature did not intend removal of cases filed before September 1, 2024. All versions of

12

7891

H.B. 19, from the introduced one to the enrolled one, contain the same creation-date and commencement-date restrictions, albeit the dates were revised from January 1, 2025, in the introduced version, to September 1, 2024, in all subsequent versions. This consistency demonstrates the legislature's intent to restrict removal to cases filed on or after September 1, 2024. *Cf. In re Marriage of Roach*, 773 S.W.2d 28, 30-32 (Tex. App.—Amarillo 1989, writ denied) (concluding that the deletion of "prospective only" language limiting the applicability of amendment to pleadings filed on or after the effective date from bill as it progressed from introduction to enrollment expressed legislative intent to allow application of amendment to cases pending on the effective date), with *Reynolds v. State*, 423 S.W.3d 377, 382 (Tex. Crim. App. 2014) (concluding that deletion of "savings clause" present in earlier versions of statutes and absence of language in amended statute indicating the earlier "savings clause" was to be retained expressed legislative intent to allow application of amended statute to persons with reportable convictions or adjudications that occurred on or after a certain date).

## B.    Remand is required

If a case is not removable, Section 25A.006(d) requires the Business Court to remand the case to the court in which the case was originally filed. TEX. GOV'T CODE ANN. § 25A.006(d). As discussed in part A.2. above, H.B. 19's unambiguous text permits the removal of a case to the Business Court only if the case was filed on or after September 1, 2024. Because Tema commenced this case more than seven years before that date, ETC's removal of it is not permitted, and the case must be remanded to the District Court. Accordingly, the Court grants the portion of Tema's Remand Motion seeking remand

13

7892

pursuant to Rule 355(f). *See* TEX. R. CIV. P. 355(f)(1), (2) (requiring the Business Court to remand a case to the originating court if the Business Court determines, on a party's motion, that removal was improper).

### C.     Sanctions are not warranted

The Court, however, does not grant the portion of Tema's Remand Motion seeking sanctions pursuant to Section 10.001 of the Civil Practice and Remedies Code ("CPRC").

### 1.  Sanctions for a frivolous notice of removal can be imposed under Chapter 25A if supported by competent evidence

Section 25A.006 of the Government Code establishes that sanctions for a frivolous notice of removal are available under Section 10.001 of the CPRC. TEX. GOV'T CODE ANN. § 25A.006(h). CPRC Section 10.001 permits a court to sanction a party for filing a pleading lacking reasonable inquiry, proper purpose, or legal or factual support. *Nath v. Tex. Children's Hosp. (Nath I)*, 446 S.W.3d 355, 362 (Tex. 2014); *Unifund CCR Partners v. Villa*, 299 S.W.3d 92, 97 (Tex. 2009) (per curiam). Under Section 10.001, the party seeking sanctions bears the burden to establish "(1) that the pleading or motion was brought for an improper purpose, (2) that there were no grounds for the legal arguments advanced, or (3) that the factual allegations or denials lacked evidentiary support." *Orbison v. Ma-Tex Rope Co.*, 553 S.W.3d 17, 35 (Tex. App.—Texarkana 2018, pet. denied) (citations omitted). Because it is presumed that a pleading has been filed in good faith, the party seeking sanctions must overcome this presumption with competent evidence. *Nath I*, 446 S.W.3d at 361; *Unifund*, 299 S.W.3d at 97. This competent evidence must be proffered, and admitted, at an evidentiary hearing. *Orbison*, 553 S.W.3d at 35.

14

## 2. Despite Tema's arguments to the contrary, sanctions under Section 10.001 of the CPRC are not warranted because there is no competent evidence proving ETC filed a frivolous Removal Notice

Tema insists sanctions are warranted because ETC filed its Removal Notice for frivolous purposes. Those frivolous purposes, according to Tema, are to increase litigation costs, to delay proceedings, and to waste judicial resources. Tema asserts the frivolous nature of ETC's Removal Notice is proved by the fallacious allegations and arguments raised by ETC in support of removal and jurisdiction. Decrying that ETC has purposefully avoided a merits-based review of a case commenced more than seven years ago, Tema contends ETC has mischaracterized Tema's breach-of-contract and negligence claims as arising under trade or securities regulations and has failed to explain how removal is proper given the obvious prohibition against removing a case filed before September 1, 2024.

But Tema has not established its entitlement to sanctions. Tema did not request or obtain an evidentiary hearing on its request for sanctions. *See* BCLR 5(e) (requiring parties to notify the Business Court of a request for a hearing in the motion or response).[2] Nor has Tema proffered competent evidence overcoming the presumption that ETC's Removal Notice was filed in good faith and proving it was filed for a frivolous purpose. Tema, instead, relies on the arguments in its Remand Motion. Motions, and the arguments in them, are not evidence. *Orbison*, 553 S.W.3d at 36 (citations omitted).

Even though the Court has determined that ETC's Removal Notice was legally impermissible, ETC's argument that a pre-September 1, 2024 case could be removed was

---

[2] BCLR is the citation for the Local Rules of the Texas Business Court, which are available at https://www.txcourts.gov/media/1459346/local-rules-of-the-business-court-of-texas.pdf.

15

not *per se* groundless or frivolous. Absent additional evidence or some other legal basis, a sanctions award would be inappropriate. Accordingly, the Court declines to impose sanctions.

### III. CONCLUSION

Consistent with this opinion, the Court **GRANTS** in part and **DENIES** in part Tema's Remand Motion and **REMANDS** the case to the 236th District Court of Tarrant County, Texas.

IT IS SO ORDERED.

JERRY D. BULLARD
Judge of the Texas Business Court,
Eighth Division

SIGNED ON: November 6, 2024

16

7895

# Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Envelope ID: 94008533
Filing Code Description: No Fee Documents
Filing Description: Opinion and Order
Status as of 11/6/2024 4:34 PM CST

Associated Case Party: Tema Oil and Gas Company

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Kathleen CynthiaPickett | | cpickett@pickettlawgroup.com | 11/6/2024 3:48:15 PM | SENT |
| Stacy Blanchette | | stacy.blanchette@kellyhart.com | 11/6/2024 3:48:15 PM | SENT |
| Anita E.Kadala | | akadala@pickettlawgroup.com | 11/6/2024 3:48:15 PM | SENT |
| N. KimberlyHoesl | | khoesl@pickettlawgroup.com | 11/6/2024 3:48:15 PM | SENT |
| David E.Keltner | | david.keltner@kellyhart.com | 11/6/2024 3:48:15 PM | SENT |
| Joe Greenhill | | joe.greenhill@kellyhart.com | 11/6/2024 3:48:15 PM | SENT |
| William N.Warren | | bill.warren@kellyhart.com | 11/6/2024 3:48:15 PM | SENT |

Associated Case Party: ETC Field Services, LLC

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Christopher W.Patton | | cpatton@lynnllp.com | 11/6/2024 3:48:15 PM | SENT |
| Jared Eisenberg | | jeisenberg@lynnllp.com | 11/6/2024 3:48:15 PM | SENT |
| Kristine Wheeler | | kwheeler@lynnllp.com | 11/6/2024 3:48:15 PM | SENT |
| NATALIE STALLBOHM | | nstallbohm@lynnllp.com | 11/6/2024 3:48:15 PM | SENT |
| April Kimrey | | akimrey@lynnllp.com | 11/6/2024 3:48:15 PM | SENT |
| Maria Gonzalez | | mgonzalez@lynnllp.com | 11/6/2024 3:48:15 PM | SENT |
| Lisa Mewbourn | | lmewbourn@lynnllp.com | 11/6/2024 3:48:15 PM | SENT |
| Carter Plotkin | | cplotkin@lynnllp.com | 11/6/2024 3:48:15 PM | SENT |
| Clint Cowan | | ccowan@lynllp.com | 11/6/2024 3:48:15 PM | ERROR |
| Kerri Jones | | kjones@lynnllp.com | 11/6/2024 3:48:15 PM | SENT |

Case Contacts

7896

# Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Envelope ID: 94008533
Filing Code Description: No Fee Documents
Filing Description: Opinion and Order
Status as of 11/6/2024 4:34 PM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Jervonne DNewsome | | JNEWSOME@WINSTON.COM | 11/6/2024 3:48:15 PM | SENT |
| Rebecca LynnAdams | | RADAMS@LYNNLLP.COM | 11/6/2024 3:48:15 PM | ERROR |
| Aries Solis | | Aries.Solis@txcourts.gov | 11/6/2024 3:48:15 PM | SENT |

7897

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Carter Plotkin on behalf of Carter Plotkin
Bar No. 24122989
cplotkin@lynnllp.com
Envelope ID: 97371346
Filing Code Description: Brief Requesting Oral Argument
Filing Description: Brief of Appellant ETC Field Services, LLC
Status as of 2/14/2025 7:03 AM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| David S.Coale | | dcoale@lynnllp.com | 2/13/2025 5:34:55 PM | SENT |
| April Sandefur | | asandefur@lynnllp.com | 2/13/2025 5:34:55 PM | SENT |
| Kay Ridenour | | kridenour@lynnllp.com | 2/13/2025 5:34:55 PM | SENT |
| NATALIE STALLBOHM | | nstallbohm@lynnllp.com | 2/13/2025 5:34:55 PM | SENT |
| Lisa Mewbourn | | lmewbourn@lynnllp.com | 2/13/2025 5:34:55 PM | SENT |
| Maria Gonzalez | | mgonzalez@lynnllp.com | 2/13/2025 5:34:55 PM | SENT |
| David Keltner | | david.keltner@kellyhart.com | 2/13/2025 5:34:55 PM | SENT |
| Joe Greenhill | | joe.greenhill@kellyhart.com | 2/13/2025 5:34:55 PM | SENT |
| Stacy Blanchette | | stacy.blanchette@kellyhart.com | 2/13/2025 5:34:55 PM | SENT |
| Christopher Patton | | cpatton@lynnllp.com | 2/13/2025 5:34:55 PM | SENT |
| Jared Eisenberg | | jeisenberg@lynnllp.com | 2/13/2025 5:34:55 PM | SENT |
| Carter Plotkin | | cplotkin@lynnllp.com | 2/13/2025 5:34:55 PM | SENT |
| Kathleen CynthiaPickett | | cpickett@pickettlawgroup.com | 2/13/2025 5:34:55 PM | SENT |
| Ana E.Kadala | | akadala@pickettlawgroup.com | 2/13/2025 5:34:55 PM | SENT |
| Helene Chacon | | hchacon@pickettlawgroup.com | 2/13/2025 5:34:55 PM | SENT |
| Kristine Wheeler | | kwheeler@lynnllp.com | 2/13/2025 5:34:55 PM | SENT |
| Nancy KimberlyHoesl | | khoesl@pickettlawgroup.com | 2/13/2025 5:34:55 PM | SENT |